UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Dec 9  8 24 AM '03
U.S. DISTRICT COURT
N. CONN.

| | |
|---|---|
| Yolanda Saavedra De Barreto, A 37 471 341, <br>    Petitioner <br> v. <br> Immigration and Naturalization Service, <br>    Respondent | Civil No. 3:02cv283 (PCD) <br><br> November 25, 2003 |

## PETITIONER'S MOTION TO AUTHORIZE DEPOSITION

The petitioner, Yolanda Saavedra De Barreto, through counsel, seeks the Court's authorization to depose former Assistant United States Attorney John Coffey. In support of this motion, the petitioner states that:

The Court has placed this matter on its trial calendar to be heard some time after November 3, 2003.

The parties have conferred about opportunities for discovery that would enhance their case preparation and put them in a better position to explore possibilities for settling the case. Consistent with this, the petitioner agreed to be deposed by the government. Her deposition commenced last week, but has not yet been completed.

The petitioner requests permission to depose Mr. Coffey, who prosecuted multiple cases in which the petitioner cooperated with the government, regarding the nature and extent of her cooperation. The petitioner submitted with her First Amended Petition for Habeas Corpus a letter from Mr. Coffey that summarizes her cooperation. (See Exhibit E, attached to the amended petition.) The deposition would take place in New York, where Mr. Coffey is currently in private practice, at a date and time to be agreed by the parties.

AUSA William Brown does not oppose the request to depose Mr. Coffey.

1

Pursuant to 28 CFR § 16.23, counsel is simultaneously requesting permission from the U.S. Attorney for Mr. Coffey to be deposed. A copy of that request is attached as Exhibit A.

Counsel represents the petitioner under a Criminal Justice Act appointment and seeks the Court's permission for the deposition expenses to be reimbursed by the Court.

For all these reasons the Court should grant the motion for deposition of former Assistant United States Attorney John Coffey.

> Petitioner
> Yolanda Saavedra De Barreto, by
>
> *Michael J Boyle* (signature)
>
> Michael Boyle, her attorney
> Federal bar ct13518 Juris 408629
> 169 Montowese Avenue
> North Haven, CT 06473
> 203 239-2299, fax 203 985-8207

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first class mail, postage prepaid on November 25, 2003 to: Wiiliam Brown, AUSA, Office of the U.S. Attorney, 157 Church Street, 27th floor, New Haven, CT 06510.

*Michael J Boyle* (signature)
Michael Boyle

2.

## AFFIDAVIT OF MICHAEL BOYLE

I, Michael Boyle, being duly sworn, hereby depose and state the following:

1. I am over eighteen and believe in the obligation of an oath.

2. I am an attorney, admitted to practice in Connecticut. I have been appointed by the federal District Court to represent Yolanda Saavedra De Barreto ("Mrs. Saavedra") in a habeas corpus case.

3. I have prepared this affidavit pursuant to 28 CFR § 16.23(c) to summarize the information sought in Mrs. Saavedra's request to depose Attorney John Coffey, a former Assistant United States Attorney for the Southern District of New York. Attorney Coffey prosecuted multiple cases where Ms. Saavedra cooperated with the government as a witness, informant or participant in sting operations.

4. Mrs. Saavedra is seeking testimony from Attorney Coffey describing the scope of her cooperation with the federal government in investigation and prosecution of drug trafficking, money laundering, arms trafficking and other criminal cases. Mrs. Saavedra seeks testimony detailing:

    a) the extent of her cooperation in time and quality (i.e. whether she worked regularly with one or more DEA investigative teams, whether she provided open court testimony, participated in sting operations in person, had phone contact with investigation targets, had her identity erroneously disclosed during pretrial discovery, or simply provided information);

    b) summary information on the cases in which she cooperated, including whether convictions were secured;

1

    c) and her compensation (including expense reimbursement and reward or bonus payments).

5. We are requesting that the government produce any documents or agreements related to Ms. Saavedra's cooperation, including but not limited to:

    a) any written cooperation agreement between the government and Mrs. Saavedra;

    b) any document prepared by the government describing Ms. Saavedra's cooperation and requesting a downward departure from the normal sentencing guideline range in her own criminal case (case number 1:93CR689 (JSM) (SDNY)) to the sentencing court dated April 8, 1996;

    c) any indictments or judgments in cases in which Mrs. Saavedra cooperated with the government;

    d) any correspondence between the U.S. Attorney's Office of the DEA and the INS regarding paroling Ms. Saavedra into the United States after she traveled to Canada to participate in a sting operation against Matilde Herrera and her associates;

    e) any correspondence or documents from Canadian police or prosecutors regarding prosecutions of associates of Matilde Herrera; and

    f) any reports or correspondence regarding the significance and activities of the narcotics organization of Ms. Herrera's brother, Helmer "Pacho" Herrera-Buitrago, or affiliated or successor organizations.

6. We are making these requests with reference to all cases in which Mrs. Saavedra cooperated, including the following:

2

a) U.S. v. Matilde Herrera, case number 1:93CR991 (MBM) (SDNY);

b) U.S. v. Nickolay Artushkin, case number 1:94CR2042 (SDNY);

c) U.S. v. Rouslan Khabibanov, case number 1:93CR1818 (SDNY);

d) U.S. v. Fernando Guerrero

e) case involving seizure of approximately 1,200 kilos of cocaine in Florida based on information Ms. Saavedra conveyed from Harry Vivas (phonetic spelling);

f) case prosecuted by Attorney Coffey involving a Colombian woman named Alba in which Ms. Saavedra cooperated and her name was erroneously released during pretrial discovery;

g) case prosecuted by Attorney Coffey involving prosecution of a Queens gang of Colombians, Dominicans and Americans, led by a man named Randy;

h) case involving a Colombian named Niko, from Pereria, Colombia, where Ms. Saavedra was involved in a sting operation on St. Nicholas Boulevard in Manhattan;

i) case prosecuted by Attorney Coffey involving prosecution of Colombians named Gustavo and Gabriel, who were arrested in Corona, Queens in the middle of the sale of a one kilo of cocaine with Ms. Saavedra;

j) case where Ms. Saavedra conveyed information from Oscar Moreno, a jailed trafficker;

k) case(s) involving Mrs. Saavedra and coinformant Elkin Escobar in upstate New York and New England;

3

l) case in Providence, RI where five people were arrested and one killed during a sting operation; and

m) prosecutions of Armando Arias, Agustin Aguilera, Albany Sivestre de Jesus, and [first name unknown] Patas.

Dated at North Haven, Connecticut, November 25, 2003.

*Michael J Boyle*

Michael Boyle

Subscribed and sworn to before me at North Haven, Connecticut, November 25, 2003.

Justin Conlon
Commissioner of the Superior Court

4