UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| YOLANDA SAAVEDRA DE BARRETO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>IMMIGRATION and NATURALIZATION )<br>SERVICE )<br>Respondent. )<br>) | No. 3:02CV283 (PCD) |

**RESPONDENT'S STATUS REPORT, NOTICE REGARDING
PUBLIC LAW 109-13 ("THE REAL ID ACT OF 2005") AND
MOTION FOR EXTENSION OF TIME**

In an Endorsement Order to Respondent's Motion for Extension of Time [Docket Entry 45] the Court directed Government counsel to file a Status Report by May 27, 2005. In this Status Report Government counsel provides the Court with notice of a new law regarding the Court's jurisdiction, advises the Court on recent developments including petitioner's release from custody and seeks an additional 30 day extension of time.

On March 8, 2005 the petitioner filed a motion for summary judgment on her claim that she should not be removed pursuant to a Final Order of Removal because of a "state created danger." The respondent sought two extensions of time to respond to the motion for summary judgment because the parties were engaged in discussions concerning a "deferred action request" which would allow the petitioner to be released from custody while an application for an S-visa was perfected. On May 16, 2005 petitioner was released from custody pursuant to the "deferred action request" and is currently residing with her family in College Point, NY.

1

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231. Division B of the Act is referred to as the "REAL ID Act."

Section 106 of the REAL ID Act amends portions of section 242 of the Immigration and Nationality Act (hereinafter "INA"), 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders. (A copy of section 106 is attached hereto as Exhibit "A.") Pursuant to section 106, a petition for review to the court of appeals is the <u>exclusive</u> means of review of an administrative order of removal, deportation, or exclusion. <u>Id.</u> § 106(a). Section 106(c) provides that <u>any</u> habeas corpus petition pending in district court in which an alien challenges a final administrative order of removal, deportation, or exclusion <u>shall</u> be transferred by the district court to the appropriate court of appeals.[1] When a case pending in district court contains both challenges to an order of removal and a non-removal order issue, the district court shall transfer to the court of appeals "the part of the case that challenges the order of removal, deportation, or exclusion." <u>Id.</u> The amendments to section 242 apply to all cases in which a final administrative order of removal has been entered <u>before, on, or after</u> the date of enactment. <u>Id.</u> § 106(b). Counsel have briefly discussed the impact of the provisions of the REAL ID ACT outlined above on the instant case but have not agreed on a disposition. This third motion for extension of time for 30 days is sought in order to allow petitioner's counsel an opportunity to review the REAL ID

---

[1] Section 106(c) defines the appropriate transferee court as the "court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)." Section 242(b)(2) of the INA defines the proper venue for a petition for review as "the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings." INA § 242(b)(2), 8 U.S.C. § 1252(b)(2).

ACT and determine if he has any objection to a transfer of this case to the Second Circuit or if the action can otherwise be resolved.

DATED: May 27, 2005.

                                      Respectfully submitted,

                                      KEVIN J. O'CONNOR
                                      UNITED STATES ATTORNEY

                                      JOHN B. HUGHES
                                      UNITED STATES ATTORNEY'S OFFICE
                                      ASSISTANT U.S. ATTORNEY
                                      157 CHURCH STREET, P.O. Box 1824
                                      NEW HAVEN, CT 06508
                                      TELEPHONE NO. (203) 821-3700
                                      FEDERAL BAR NO. CT05289
                                      JOHN.HUGHES@USDOJ.GOV

CERTIFICATION

This is to certify that copies of the within and foregoing Respondent's Status Report, Notice Regarding Public Law 109-13 ("The REAL ID ACT of 2005") And Motion for Extension of Time has been mailed, postage prepaid, this May 27, 2005, to:

Michael Boyle
250 State Street, Unit C2
Po Box 335
North Haven, CT 06473

_____
JOHN B. HUGHES
CHIEF, CIVIL DIVISION
U.S. ATTORNEY'S OFFICE
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700

PL 109-13, 2005 HR 1268 Page 74
PL 109-13, May 11, 2005, 119 Stat 231
**(Cite as: 119 Stat 231)**

SEC. 106. JUDICIAL REVIEW OF ORDERS OF REMOVAL.

(a) IN GENERAL.--Section 242 of the Immigration and Nationality Act (8 U.S.C. 1252) is amended--

(1) in subsection (a)--

<< 8 USCA § 1252 >>

(A) in paragraph (2)--

(i) in subparagraph (A), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after "Notwithstanding any other provision of law";

<< 8 USCA § 1252 >>

(ii) in each of subparagraphs (B) and (C), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D)" after "Notwithstanding any other provision of law"; and

(iii) by adding at the end the following:

<< 8 USCA § 1252 >>

"(D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.--Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."; and

(B) by adding at the end the following:

<< 8 USCA § 1252 >>

"(4) CLAIMS UNDER THE UNITED NATIONS CONVENTION.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).

<< 8 USCA § 1252 >>

"(5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



PL 109-13, 2005 HR 1268 Page 75
PL 109-13, May 11, 2005, 119 Stat 231
**(Cite as: 119 Stat 231)**

sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, *311 sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).";

<< 8 USCA § 1252 >>

(2) in subsection (b)(9), by adding at the end the following: "Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."; and

<< 8 USCA § 1252 >>

(3) in subsection (g), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after "notwithstanding any other provision of law".

<< 8 USCA § 1252 NOTE >>

(b) EFFECTIVE DATE.--The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

<< 8 USCA § 1252 NOTE >>

(c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

<< 8 USCA § 1252 NOTE >>

(d) TRANSITIONAL RULE CASES.--A petition for review filed under former section 106(a) of the Immigration and Nationality Act (as in effect before its repeal by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1252 note)) shall be treated as if it had been filed as a petition for review under section 242 of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, such petition for review shall be the sole and exclusive means for judicial review of an order of deportation or exclusion.

<< 49 USCA § 30301 NOTE >>

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.