UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

YOLANDA SAAVEDRA DE BARRETO, :
A 37 471 341, Petitioner : Civil No. 3:02CV283 (PCD)
:
V. :
:
IMMIGRATION AND : AUGUST 26, 2005
NATURALIZATION SERVICE, :
Respondent :

## MOTION TO TRANSFER PURSUANT TO THE REAL ID ACT

The respondent hereby moves to transfer the above-captioned case to the United States Court of Appeals for the Second Circuit pursuant to the provisions of the REAL ID Act. In previous pleadings and status reports the respondent indicated that it would file such a motion after providing petitioner's counsel an opportunity to consider stipulating to such a transfer. In a letter received on August 24, 2005 the petitioner's counsel advised that he would not agree to stipulate to a transfer. Accordingly, respondent hereby moves the Court to order a transfer.

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231. Division B of the Act is referred to as the "REAL ID Act."

Section 106 of the REAL ID Act amends portions of section 242 of the Immigration and Nationality Act (hereinafter "INA"), 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders. (A copy of section 106 is attached hereto as Exhibit "A.") Pursuant to section 106, a petition for review to the court of appeals is the _exclusive_ means of review of an

administrative order of removal, deportation, or exclusion. Id. § 106(a). Section 106(c) provides that <u>any</u> habeas corpus petition pending in district court in which an alien challenges a final administrative order of removal, deportation, or exclusion <u>shall</u> be transferred by the district court to the appropriate court of appeals.[1] When a case pending in district court contains both challenges to an order of removal and a non-removal order issue, the district court shall transfer to the court of appeals "the part of the case that challenges the order of removal, deportation, or exclusion." Id. The amendments to section 242 apply to all cases in which a final administrative order of removal has been entered <u>before, on, or after</u> the date of enactment. Id. § 106(b). Petitioner currently has pending a motion for summary judgment and the respondent sought and was granted an initial extension of time to respond. However, the passage of the REAL ID Act which <u>requires</u> this Court to transfer the case to the Court of Appeals leaves this Court without jurisdiction to decide the motion. There is no question that this habeas corpus action is one challenging the petitioner's order of removal. In her summary judgment papers petitioner states:

> "Ms. Saavedra seeks a writ of habeas corpus to the respondent to prevent the respondent United States Immigration and Customs Enforcement ("USICE") from removing her to Columbia."

Petitioner's Memorandum in Support of Motion for Summary Judgment, March 2, 2005 at 2.

Petitioner has sought relief from the removal order entered against her on the basis of a "state created danger" theory of liability and her motion for summary judgment outlines the three

---

[1] Section 106(c) defines the appropriate transferee court as the "court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)." Section 242(b)(2) of the INA defines the proper venue for a petition for review as "the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings." INA § 242(b)(2), 8 U.S.C. § 1252(b)(2).

elements necessary to satisfy this claim. The theory is also based on the alleged violation of petitioner's substantive due process rights. This constitutional claim can be resolved by the Court of Appeals since the REAL ID Act § 106(a) amends Section 242 of the INA 8 U.S.C. § 1252 by adding the following:

> "(D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-
> Nothing in subparagraph (B) or (C), or in any provision of this Act (other that this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."

Clearly, constitutional claims can be considered by the Court of Appeals after a transfer.

## CONCLUSION

Accordingly, this Court lacks jurisdiction to hear petitioner's challenge to her removal order, the Court of Appeals has such jurisdiction, even for a constitutionally based claim, and the matter should be transferred.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JOHN B. HUGHES
UNITED STATES ATTORNEY'S OFFICE
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
TELEPHONE NO. (203) 821-3700
FEDERAL BAR NO. CT05289
JOHN.HUGHES@USDOJ.GOV

3

## CERTIFICATION

This is to certify that a copy of the within and foregoing Motion for Extension of Time was mailed, postage prepaid on March 28, 2005 to all parties and counsel of record.

Michael Boyle

250 State Street, Unit C2

P.O. Box 335

North Haven, CT 06473


_____

JOHN B. HUGHES

CHIEF, CIVIL DIVISION

PL 109-13, 2005 HR 1268                                                                                                    Page 74
PL 109-13, May 11, 2005, 119 Stat 231
(Cite as: 119 Stat 231)

SEC. 106. JUDICIAL REVIEW OF ORDERS OF REMOVAL.

(a) IN GENERAL.--Section 242 of the Immigration and Nationality Act (8 U.S.C. 1252) is amended--

(1) in subsection (a)--

<< 8 USCA § 1252 >>

(A) in paragraph (2)--

(i) in subparagraph (A), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title" after "Notwithstanding any other provision of law";

<< 8 USCA § 1252 >>

(ii) in each of subparagraphs (B) and (C), by inserting "(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D)" after "Notwithstanding any other provision of law"; and

(iii) by adding at the end the following:

<< 8 USCA § 1252 >>

"(D) JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.--Nothing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."; and

(B) by adding at the end the following:

<< 8 USCA § 1252 >>

"(4) CLAIMS UNDER THE UNITED NATIONS CONVENTION.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).

<< 8 USCA § 1252 >>

"(5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

