UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Yolanda Saavedra De Barreto, Petitioner<br>v.<br>Michael Chertoff, Secretary of Homeland Security, et al.<br>    Respondents | No. 3:02cv283(PCD)<br><br>September 22, 2005 |

**PETITIONER'S OPPOSITION TO THE RESPONDENT'S MOTION TO TRANSFER**

The Petitioner, Yolanda Savvedra De Barreto through counsel, hereby gives notice of her opposition to the August 26, 2005 motion to transfer the petitioner's habeas petition to the Second Circuit Court of Appeals under Section 106(c) of the REAL ID Act filed by the respondent. The petitioner opposes the respondent's motion because the statutory provisions regarding the transfer of pending petitions for habeas corpus cited by the respondent are inapplicable to the petitioner's case. In addition, a finding that the transfer provisions are applicable to the petitioner's case would raise serious constitutional questions because he would be deprived of judicial review of her constitutional claim.

The transfer provisions of the REAL ID Act cited by the respondent are only applicable to cases "challenging a final administrative order of removal, deportation, or exclusion..." Section 106(c) of the REAL ID Act of 2005, Pub L. No. 109-13. The petitioner's request for a writ of habeas corpus solely seeks an injunction under the due process clause of the constitution preventing the government from removing her to Colombia because she fears harm in her native country and this risk of harm was created

1        Oral argument is requested

by the actions of the U.S. government. The petitioner does not challenge the validity of her removal order, she simply challenges to which country the government can execute that removal order. Because the petitioner does not challenge the validity of her removal order – she simply challenges where the government can execute that order – her petition for a writ of habeas corpus is not covered by the transfer provisions of Section 106(c) of the REAL ID Act and the government's motion should be denied.

A contrary interpretation of Section 106 of the REAL ID Act would raise serious constitutional concerns and should be avoided. The petitioner could not raise the claims at issue in the instant habeas petition before the Immigration Court or BIA because they cannot consider constitutional claims. *See e.g. Arango-Araondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994). If the petitioner's case is transferred to a circuit court of appeals under the REAL ID Act, it will be considered as a petition for review and thus adjudicated solely on the administrative record developed before the Immigration Court and BIA. *See* INA § 242(b)(4)(A). Because the petitioner was unable to present the issues being raised in the case at bar to the Immigration Court or BIA, the administrative record is wholly inadequate for a federal court to consider her constitutional claim. If the petitioner's case is transferred under Section 106(c) of the REAL ID Act, he will prevented from presenting her substantial constitutional claim to a federal court because he will be deprived of a forum where he can adequately develop a factual record to support her claim. This would amount to an unconstitutional suspension of habeas corpus. *See* U.S. Const. Art. I, 9, cl.2; *Swain v. Pressley*, 430 U.S. 372, 381-384 (1977). The court should interpret the provisions of Section 106 so as to avoid such a constitutional problem and

2

find that the transfer provisions of Section 106(c) are not applicable to the petitioner's case. *See cf. INS v. St. Cyr*, 533 U.S. 289, 300-305 (2001).

## ARGUMENT

### I. THE TRANSFER PROVISIONS OF THE REAL ID ACT ARE ONLY APPLICABLE TO HABEAS PETITIONS CHALLENGING A FINAL ORDER OF REMOVAL.

Section 160 of the REAL ID Act, titled "Judicial Review of Orders of Removal" amended existing law concerning the procedures whereby non-citizens can challenge orders of removal and raise claims for protection under the CAT. Subsection (c) of Section 160, titled "Transfer of Cases", outlines the procedure for the transfer of habeas petitions challenging an order of removal to a circuit court of appeals that were pending at the time the REAL ID Act was enacted. Specifically, the statute states,

> If an alien's case, brought under section 2241 of title 28, United States Code, and *challenging a final administrative order of removal, deportation, or exclusion*, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (*or the part of the case that challenges the order of removal, deportation, or exclusion*) to the court of appeals for the circuit in which a petition for revuew could have been properly filed under section 242(vb)(2) of the Immigration and Nationality Act (8 U.S.C. § 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. § 1101 note). (emphasis added)

The language of Section 106(c) makes it clear that it is only habeas corpus petitions challenging a final order of removal that are ordered transferred to the circuit court of appeals. In addition, if a habeas petition raises some claims that do challenge a final order of removal and some that do not, the district court is only to transfer those portions of the habeas petition that challenge the final order of removal. Habeas petitions making claims

3

other than a challenge to a removal order are clearly not ordered transferred under Section 106(c). Thus, if the petitioner's claim for an injunction preventing the government from removing her to Colombia is not a challenge to her administratively final order of removal, the instant habeas petition is not subject to the transfer provisions of Section 106(c) of the REAL ID Act.

## II. A REQUEST FOR AN INJUNCTION BARRING THE GOVERNMENT FROM REMOVING THE PETITION TO HER NATIVE COLOMBIA IS NOT A CHALLENGE TO AN ORDER OF REMOVAL.

When a non-citizen is subject to a final order of removal, the immigration service is legally permitted to remove that person from the United States. *See* INA § 241; 8 C.F.R. § 241. INA § 241 discusses the manner in which the government can determine which country a person ordered removed will actually be removed to. INA § 241(b). It states that typically the government will remove a person to their native country, but if that is "impracticable, inadvisable, or impossible", the government will remove her to a different country based on statutory criteria. INA § 241(b)(2). Thus one ordered removed can be removed, not just to her native country, but to virtually any country that will accept him or her. A challenge to a removal order is thus a challenge to the government's ability to remove an individual from the United States. One who challenges his or her removal order challenges the legality of his or her removal to *any* country.

The petitioner in the case at bar does not challenge the legality of her removal order. The government clearly has a legal right to remove her from the United States. In the instant habeas petition, the petitioner is requesting an injunction against the government from removing her to Colombia because she faces a danger of harm in her native country that was created by the actions of the U.S. government. The petitioner does not challenge

4

the ability of the government to remove her to *any* country, she solely challenges their ability to remove her to *one* country. If the injunction that the petitioner requests is granted, her removal order will continue to be valid and the government will be able to remove the petitioner from the U.S., the government will simply be restricted from removing her to Colombia.

The injunction that the petitioner is requesting is similar in form to protection under the CAT. When a non-citizen requests protection under the CAT, she is stating that he faces a fear of torture at the hands of the government of the proposed country of removal and that under the terms of the CAT, the U.S. is barred from removing him to that country. *See* 8 C.F.R. § 1208.16. One granted protection under the CAT can still be removed from the U.S., she simply cannot be removed to the country where he faces a risk of torture. *See* 8 C.F.R. § 1208.16(f). Because the injunction requested in the case at bar is similar to protection under the CAT, a review of the regulations concerning CAT protection and how they have been interpreted by the immigration service and courts is instructive in determining whether the request for an injunction in the instant habeas petition is a challenge to the petitioner's removal order.

**A. The regulations concerning CAT protection.**

The Department of Justice has implemented the obligations of the United States under the Convention Against Torture in two parts of the Code of Federal Regulations – 8 C.F.R. § 1208.16 and 8 C.F.R. § 1208.17. There are two different types of protection under the Convention Against Torture. One is titled withholding of removal and the other is titled deferral of removal. The basic definition of what is required to establish for eligibility for withholding of removal under the CAT and deferral of removal under the

5

CAT is the same. *See* 8 C.F.R. § 1208.16(c), 1208.17(a). One who has been convicted of a particularly serious crime, however, is ineligible for withholding of removal under the CAT, and if eligible for CAT protection, must be granted deferral of removal under the CAT. 8 C.F.R. §§ 1208.16(c)(4), 1208.16(d)(2). The main differences between withholding of removal under the CAT and deferral of removal under the CAT is the manner in which the immigration service can seek to revoke such status and whether the immigration service can detain the individual after they have been granted such protection. *See* 8 C.F.R. § 1208.17(b)(1).

The regulations make it clear, however, that one granted protection under the CAT is ordered removed from the United States. Protection under the CAT simply places a limitation on how the immigration service can execute a particular removal order – barring removal to a country where the non-citizen faces torture. The regulations make this clear by stating that, "Nothing in [1208.16] or § 1208.17 shall prevent the Service from removing an alien to a third country other than the country to which removal has been withheld or deferred." 8 C.F.R. § 1208.16(f). The plain language of this regulation has been affirmed by numerous courts. *See e.g. Huang v. Ashcroft*, 390 F.3d 1118, 1121[1] (9th Cir. 2004) ("neither withholding nor deferral of removal prevents the government from removing an alien to a third country other than the country to which removal was withheld or deferred."); *Sackie v. Ashcroft*, 270 F. Supp 2d 596, 602 n. 5 (E.D.Pa. 2003) ("Of course, nothing in § 208.16 or § 208.17 prevents the INS from removing the Petitioner to a country other than [the country from which removal has been withheld or

---

[1] This language was subsequently added to the opinion by the Court after a motion by the government. *See Huang v. Ashcroft*, 2005 U.S. App. LEXIS 1495 (9th Cir. Jan. 31, 2005).

6

deferred]. 8 C.F.R. § 208.16(f)."); *Builes v. Nye*, 253 F. Supp 2d 818, 820 (M.D. Pa. 2003), (protection under the CAT still "permit[s] removal to a third country presenting no danger to the alien."); *Ali v. Achim*, 342 F. Supp. 2d 769, 774 (N.D. Ill. 2004) ("an alien can be removed to a third country other than the country to which removal has been withheld or deferred.")

The regulations also state that,

> *After an immigration judge orders an alien described in paragraph (1) of the section [1208.17] removed*, the immigration judge shall inform the alien that his or her removal to the country where he or she is more likely than not to be tortured shall be deferred until such time as the federal is terminated under this section. (emphasis added).

8 C.F.R. § 1208.17(b)(1). A recent federal register notice from the Department of Justice reinforces states that,

> Withholding of removal under 241(b)(3) of the Act and CAT deferral are not forms of "relief from removal" per se, but instead are restrictions on or protection from removal of an alien to a country where he or she would be threatened or tortured.

Department of Justice, *Background and Security Investigation in Proceedings Before Immigration Judges and the Board of Immigration Appeals*, 70 FR 4737 n.1 (Jan. 31, 2005). Thus, one who receives protection under the CAT is still in fact ordered removed from the United States and the immigration service is only proscribed from removing that individual to the specified country where he or she faces a risk of torture. One who raises a claim for protection under the CAT thus does not challenge the fact that he or she should be ordered removed, he or she simply requests a limitation on how their removal order may be executed by the government.

Because one who requests protection under the CAT is not challenging their removal order a habeas petition solely raising claims under the CAT is not a challenge to a removal order, it is simply a challenge to the manner in which a removal order may be executed. Although non-citizens typically raise claims for protection under the CAT in the context of removal proceedings, this is done for administrative efficiency, not because CAT protection is itself a challenge to the substance of a removal order. *See e.g.* Testimony of Bo Cooper, General Counsel, Immigration and Naturalization Service, Department of Justice, Regarding a hearing on Convention Against Torture and HR5285, the Serious Human Rights Abusers Accountability Act of 2000, p. 5-6, *available at* uscis.gov/graphics/aboutus/congress/testimonies/2000/bo-test.pdf ("When the INS developed its strategy for hearing Convention Against Torture claims, we believed it would be administratively efficient to generally require that such claims be raised in removal proceedings.")

Because a claim for protection under the CAT is not a challenge to a removal order – in fact, one granted protection under the CAT is still ordered removed – a claim for CAT protection is not covered by the transfer provisions Section 160(c)of the REAL ID Act. Similarly, because the petitioner's request for an injunction is not a challenge to her removal order, it is not subject to the transfer provisions of Section 106(c) of the REAL ID Act.

### III. A HOLDING THAT THE PETITIONER'S CLAIM IS A CHALLENGE TO HER REMOVAL ORDER WOULD RAISE SERIOUS CONSTITUTIONAL QUESTIONS REGARDING SECTION 106 OF THE REAL ID ACT.

Section 106 of the REAL ID Act strips federal courts of habeas corpus jurisdiction to review final orders of removal. If the court were to find that the petitioner's request for an injunction against her removal to Colombia is a challenge to a removal order and subject to the transfer provisions of Section 106(c) of the REAL ID Act, then under Section 106(a) of the REAL ID Act, all future requests for such relief could not be raised in the form of a habeas corpus petition. Eliminating habeas corpus review for a non-citizen raising an issue similar to that being made by the petitioner would raise serious constitutional concerns under the suspension clause and the REAL ID Act should be interpreted to avoid such a possibility. *See INS v. St. Cyr*, 533 U.S. 289, 300-301; *Clark v. Martinez*, 125 S. Ct. 716, 724 (2005).

Both the Second Circuit and the BIA have made it clear that administrative agencies, including the BIA, do not have jurisdiction to consider purely constitutional claims. *See Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994); *Matter of Fuentes-Campos*, 21 I&N Dec. 905, 925 (BIA 1997). Thus the issues being raised by the petitioner in the case at bar cannot be raised in the context of removal proceedings because the Immigration Court and BIA do not have jurisdiction to consider these types of claims. *See Id.* INA § 242 states that a court adjudicating a petition for review challenging a removal order must limit its review to the facts present in the administrative record. INA § 242(b)(4)(A). Because the issues being raised in the instant habeas cannot be raised before the Immigration Court or the BIA, an administrative record from the Immigration Court system will typically not be properly developed in order for a circuit court of appeals to

9

consider a claim for a constitutional injunction similar to that being made by the petitioner. Because review of a decision of the BIA is confined to the administrative record, a circuit court considering a petition for review will typically not be in a position to properly rule on the validity of a constitutionally based injunction on the execution of a removal order.

A petition for habeas corpus is the traditional means for a non-citizen to request judicial review of his or her deportation from the United States. *See INS v. St. Cyr*, 533 U.S. 289, 300-305 (2001). If a request for a constitutionally based injunction is considered a challenge to a removal order, then, under Section 106(c) of the REAL ID Act, a pending habeas petition must be transferred to a circuit court of appeals and be considered as if it was a petition for review. In addition, under Section 106(a) of the REAL ID Act, a non-citizen is barred from raising such a constitutional claim in the context of a future habeas petition. Clearly, under pre-REAL ID Act habeas corpus jurisprudence, such a constitutional claim was cognizable in the context of a habeas petition. *See e.g. St. Cyr*, 533 U.S. at 300-305; *Builes v. Nye*, 253 F. Supp 2d 818 (M.D. Pa. 2003). Thus Section 106 of the REAL ID Act has eliminated use of a petition for habeas corpus as a means to raise this type of constitutional issue.

The Supreme Court has held that Congress can eliminate habeas corpus review as long as it replaces such review with an "adequate and effective" substitute form of judicial review. *See e.g. Swain v. Pressley*, 430 U.S. 372, 381-384 (1977), *United States v. Hayman*, 342 U.S. 205, 223 (1952). It is clear that a petition for review of an order of removal to a circuit court of appeals is not an "adequate and effective" substitute for habeas corpus review in regards to the issues being raised in the case at bar because a

petition for review will only be adjudicated upon an administrative record inadequately developed to properly consider the legal issues raised in the case at bar.

Similarly, if the instant habeas petition is transferred to a circuit court of appeals under Section 106(c) of the REAL ID Act, it will be considered as a legal equivalent to a petition for review, and thus will be subject to the provisions of INA § 242(b)(4)(A) limiting the circuit court to review of the administrative record. If the petitioner's claims are limited to the administrative record, she clearly has been prevented from adequately presenting his claim to a federal court. Thus if the petitioner's case was transferred to a circuit court of appeals she would be wholly deprived of access to a forum where she could create a record that could be reviewed by a federal court concerning her constitutional claim.

The Supreme Court has clearly stated that it presumes that Congress writes laws with the intent of conforming them to the constitution and will interpret statutory provisions to make them constitutional if such an interpretation is possible. *See St. Cyr*, 533 U.S. at 304-305; *Clark*, 125 S. Ct. at 724. Because depriving the petitioner, and others similarly situated, of access to any forum in which they can raise substantial constitutional claims in regards to the manner in which their removal order can be executed is a serious constitutional concern, the court should interpret the provisions of Section 106 of the REAL ID Act to allow for such claims to be raised in the form of a habeas corpus petition. If the petitioner cannot raise the issues being considered in the case at bar in a habeas proceeding, then under Section 106 of the REAL ID Act, she is barred from raising them before any federal court. This would amount to an unconstitutional suspension of the writ of habeas corpus. In order to avoid such a constitutional challenge to the REAL ID Act,

11

the court should interpret Section 106 as holding that claims for a constitutional injunction such as those being made in the case at bar are not challenges to a removal order and thus can be cognizable on habeas review and are not subject to the transfer provisions of Section 106(c) and habeas stripping provisions of Section 106(a).

## CONCLUSION

The government's motion to transfer the petitioner's request for a writ of habeas corpus to the Second Circuit Court of Appeals pursuant to Section 106(c) of the REAL ID Act should be denied. By its own terms, Section 106(c) only mandates the transfer of pending habeas petitions challenging a final order of removal. Pending habeas petitions making raising other issues under the INA are specifically excluded from the transfer provisions. Because the petitioner's claim for a constitutionally based injunction is not a challenge to her removal order, it is not subject to the transfer provisions of Section 106(c) of the REAL ID Act. A contrary holding would raise serious constitutional questions concerning Section 106 of the REAL ID Act because it would eliminate any forum in which the petitioner, and others similarly situated, could adequately raise the type of constitutional issues being made in the case at bar. The court should interpret Section 106 of the REAL ID Act to avoid any such constitutional concerns and hold that constitutionally based claims for an injunction and not a challenge to a removal order and not subject to the transfer provisions of Section 106(c) of the REAL ID Act.

Respectfully submitted for
Petitioner Yolanda Saavedra de Barreto, by


Her attorney,
Justin Conlon
Federal bar ct26187, juris421914
Law Offices of Michael Boyle
250 State Street, Unit C2
P.O. Box 335
North Haven, CT 06473
203 239-2299, fax 203 985-8207


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served by first class mail, postage pre-paid on September 22, 2005 to: Office of the U.S. Attorney, Attn: AUSA John Hughes, 157 Church Street, 27th Floor, New Haven, CT 06510.

Justin Conlon